# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RR Donnelley & Sons Company, | )<br>)<br>) |
| Plaintiff, | ) Civil Case No. _____ |
| v. | )<br>) **COMPLAINT**<br>) |
| Xerox Corporation, | ) (JURY TRIAL DEMANDED) |
| Defendant. | )<br>)<br>) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff RR Donnelley & Sons Company ("RR Donnelley"), for its Complaint against Defendant Xerox Corporation ("Xerox"), alleges as follows:

## NATURE OF THE ACTION

1. This action arises under the patent laws of the United States, 35 U.S.C. §§ 101 *et seq.*, for infringement of U.S. Patent No. 6,205,452, U.S. Patent No. 6,327,599, U.S. Patent No. 6,844,940, and U.S. Patent No. 7,278,094 (collectively, "patents-in-suit").

2. United States Patent No. 6,205,452 ("the '452 patent"), entitled "Method Of Reproducing Variable Graphics In A Variable Imaging System," was duly and legally issued by the United States Patent and Trademark Office on March 20, 2001 to James L. Warmus, Mark G. Dreyer, and Daniel W. Beery. A copy of the '452 patent is attached hereto as Exhibit A.

3. United States Patent No. 6,327,599 ("the '599 patent"), entitled "Apparatus For Controlling An Electronic Press To Print Fixed And Variable Information,"

was duly and legally issued by the United States Patent and Trademark Office on December 4, 2001 to James L. Warmus and Mark G. Dreyer. A copy of the '599 patent is attached hereto as Exhibit B.

4. United States Patent No. 6,844,940 ("the '940 patent"), entitled "Imposition Process And Apparatus For Variable Imaging System," was duly and legally issued by the United States Patent and Trademark Office on January 18, 2005 to James L. Warmus, Mark G. Dreyer and Thomas Shively. A copy of the '940 patent is attached hereto as Exhibit C.

5. United States Patent No. 7,278,094 ("the '094 patent"), entitled "Variable Text Processing For An Electronic Press," was duly and legally issued by the United States Patent and Trademark Office on October 2, 2007 to Mark G. Dreyer and James L. Warmus. A copy of the '094 patent is attached hereto as Exhibit D.

6. The patents-in-suit were duly and legally assigned to RR Donnelley. RR Donnelley owns all right, title, and interest in, and to the patents-in-suit.

**THE PARTIES**

7. Plaintiff RR Donnelley is a Delaware corporation having its principal place of business at 111 South Wacker Drive, Chicago, Illinois 60606.

8. Plaintiff RR Donnelley is a global provider of integrated communications. Founded more than 145 years ago, RR Donnelley works collaboratively with more than 60,000 customers worldwide to develop custom communications solutions that reduce costs, enhance return on investment, and ensure compliance. Drawing on a range of proprietary and commercially available digital and conventional technologies deployed across four continents, RR Donnelley employs a suite of leading Internet-based capabilities

and other resources to provide premedia, printing, logistics and business process outsourcing services to leading clients in virtually every private and public sector.

9. On information and belief, Defendant Xerox is a New York corporation having its principal place of business at P.O. Box 4505, 45 Glover Avenue, Norwalk, Connecticut 06856-4505.

**JURISDICTION AND VENUE**

10. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 101 *et seq.*, for damages and injunctive relief as provided in 35 U.S.C. § 281 and §§ 283-285.

11. This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

12. Personal jurisdiction over Xerox is proper in this District because Xerox is qualified to do business in the State of Illinois and may be served by its registered agent at Prentice Hall Corporation, 801 Adlai Stevenson Drive, Springfield, Illinois 62703. Moreover, on information and belief, Xerox has committed direct and/or indirect acts of patent infringement throughout the State of Illinois, including within the Northern District of Illinois.

13. Venue is proper in this District under 28 U.S.C. §1391(b), (c) and 1400(b) because Defendant has regularly conducted business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.

**FACTUAL ALLEGATIONS**

14. RR Donnelley is the owner of the patents-in-suit, with the right to collect damages for all relevant times, and has the right to prevent others from making,

3

having made, using, offering for sale or selling products or services covered by such patents, as well as the right to enforce the patents-in-suit with respect to Defendant Xerox.

15. The patents-in-suit are generally directed to methods and apparatus for efficiently printing items, such as, without limitation, personalized direct mail pieces and individualized financial statements that contain both static and variable information. On information and belief, Xerox is engaged in the business of making, using, and selling, and causing to be offered for sale and sold, including without limitation within this District, digital color presses such as, without limitation, the iGen3, iGen4, DocuColor 5000, DocuColor 7000, and DocuColor 8000. Xerox sells these presses for use in combination with variable data printing software tools specifically designed to optimize variable data print jobs on Xerox Presses, including, without limitation, the Xerox FreeFlow VI suite of software tools and/or the Xerox XMPie suite of software tools (collectively "Xerox Systems").

## COUNT I
### (INFRINGEMENT OF U.S. PATENT NO. 6,205,452)

16. Plaintiff RR Donnelley incorporates paragraphs 1 through 15 as though fully set forth herein.

17. On information and belief, Xerox Systems comprise a method of controlling a display device to display variable graphics information in graph format, wherein the variable graphics information is provided in a database having a number of fields, each of which represents variable information or variable graphics information.

18. On information and belief, Defendant Xerox has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce

4

infringement of, and/or contributorily infringe, one or more claims of the '452 patent, including at least claims 1 and 12, in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents, in this District and elsewhere in the United States, by its activities, including, but not limited to making, using, offering to sell, selling and/or importing Xerox Systems.

19. On information and belief, brochures and instructional materials produced by Xerox instruct customers how to use the Xerox Systems in accordance with one or more of the asserted claims of the '452 patent.

20. On information and belief, Xerox has knowledge of the '452 patent and intended for its customers to use the Xerox Systems identified above in a manner that infringes one or more claims of the '452 patent. For example, Xerox's marketing materials, including specifically, marketing materials for FreeFlow Software, XMPie Software and Xerox Presses, promote and explain the infringing capabilities of the accused products and encourage customers to use the products in an infringing manner.

21. On information and belief, Xerox's infringement, inducement of infringement and/or contributory infringement of at least claims 1 and 12 of the '452 patent has been and continues to be deliberate and willful, making this an exceptional case pursuant to 35 U.S.C. § 285.

22. Plaintiff has been damaged and will be irreparably injured by Xerox's continuing infringement of the '452 patent, for which Plaintiff has no adequate remedy at law.

## COUNT II

### (INFRINGEMENT OF U.S. PATENT NO. 6,327,599)

23. Plaintiff RR Donnelley incorporates paragraphs 1 through 22 as though fully set forth herein.

24. On information and belief, Xerox Systems comprise a method of controlling an electronic press wherein the press includes a controller responsive to press commands.

25. On information and belief, Defendant Xerox has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '599 patent, including at least claim 11, in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents, in this District and elsewhere in the United States, by its activities, including, but not limited to making, using, offering to sell, selling and/or importing Xerox Systems.

26. On information and belief, brochures and instructional materials produced by Xerox instruct customers how to use the Xerox Systems in accordance with one or more of the asserted claims of the '599 patent.

27. On information and belief, Xerox has knowledge of the '599 patent and intended for its customers to use the Xerox Systems identified above in a manner that infringes one or more claims of the '599 patent. For example, Xerox's marketing materials, including specifically, marketing materials for FreeFlow Software, XMPie Software and Xerox Presses, promote and explain the infringing capabilities of the accused products and encourage customers to use the products in an infringing manner.

28. On information and belief, Xerox's infringement, inducement of infringement and/or contributory infringement of at least claim 11 of the '599 patent has been and continues to be deliberate and willful, making this an exceptional case pursuant to 35 U.S.C. § 285.

29. Plaintiff has been damaged and will be irreparably injured by Xerox's continuing infringement of the '599 patent, for which Plaintiff has no adequate remedy at law.

**COUNT III**

**(INFRINGEMENT OF U.S. PATENT NO. 6,844,940)**

30. Plaintiff RR Donnelley incorporates paragraphs 1 through 29 as though fully set forth herein.

31. On information and belief, Xerox Systems comprise a method of controlling an electronic press for a variable data print job.

32. On information and belief, Defendant Xerox has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '940 patent, including at least claim 11, in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents, in this District and elsewhere in the United States, by its activities, including, but not limited to making, using, offering to sell, selling and/or importing Xerox Systems.

33. On information and belief, brochures and instructional materials produced by Xerox instruct customers how to use the Xerox Systems in accordance with one or more of the asserted claims of the '940 patent.

34. On information and belief, Xerox has knowledge of the '940 patent and intended for its customers to use the Xerox Systems identified above in a manner that infringes one or more claims of the '940 patent. For example, Xerox's marketing materials, including specifically, marketing materials for FreeFlow Software, XMPie Software and Xerox Presses, promote and explain the infringing capabilities of the accused products and encourage customers to use the products in an infringing manner.

35. On information and belief, Xerox's infringement, inducement of infringement and/or contributory infringement of at least claim 11 of the '940 patent has been and continues to be deliberate and willful, making this an exceptional case pursuant to 35 U.S.C. § 285.

36. Plaintiff has been damaged and will be irreparably injured by Xerox's continuing infringement of the '940 patent, for which Plaintiff has no adequate remedy at law.

## COUNT IV

### (INFRINGEMENT OF U.S. PATENT NO. 7,278,094)

37. Plaintiff RR Donnelley incorporates paragraphs 1 through 36 as though fully set forth herein.

38. On information and belief, Xerox Systems comprise a software system for generating multiple page files from a template file and records in a database wherein the template file comprises data designating a variable text area.

39. On information and belief, Defendant Xerox has infringed, induced infringement of, and/or contributorily infringed, and continues to infringe, induce infringement of, and/or contributorily infringe, one or more claims of the '094 patent,

including at least claim 18, in violation of 35 U.S.C. § 271, literally or under the doctrine of equivalents, in this District and elsewhere in the United States, by its activities, including, but not limited to making, using, offering to sell, selling and/or importing Xerox Systems.

40. On information and belief, brochures and instructional materials produced by Xerox instruct customers how to use Xerox Systems in accordance with one or more of the asserted claims of the '094 patent.

41. On information and belief, Xerox has knowledge of the '094 patent and intended for its customers to use the Xerox Systems identified above in a manner that infringes one or more claims of the '094 patent. For example, Xerox's marketing materials, including specifically, marketing materials for FreeFlow Software, XMPie Software and Xerox Presses, promote and explain the infringing capabilities of the accused products and encourage customers to use the products in an infringing manner.

42. On information and belief, Xerox's infringement, inducement of infringement and/or contributory infringement of at least claim 18 of the '094 patent has been and continues to be deliberate and willful, making this an exceptional case pursuant to 35 U.S.C. § 285.

43. Plaintiff has been damaged and will be irreparably injured by Xerox's continuing infringement of the '094 patent, for which Plaintiff has no adequate remedy at law.

**DEMAND FOR JURY TRIAL**

44. Plaintiff RR Donnelley hereby demands a jury trial on all issues triable by jury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff RR Donnelley requests the following relief:

A. A judgment that Xerox has infringed, directly or indirectly, one or more claims of the '452 patent;

B. A judgment that Xerox has infringed, directly or indirectly, one or more claims of the '599 patent;

C. A judgment that Xerox has infringed, directly or indirectly, one or more claims of the '940 patent;

D. A judgment that Xerox has infringed, directly or indirectly, one or more claims of the '094 patent;

E. A judgment and order enjoining Xerox, its respective officers, agents, servants, employees, attorneys, all parent and subsidiary corporations, their assigns and successors in interest, and those persons in active concert or participation with them, from any infringement of U.S. Patent Nos. 6,205,452, 6,327,599, 6,844,940, and/or 7,278,094 whether it be direct, contributory, or by inducement;

F. A judgment and order requiring Xerox to pay RR Donnelley any and all damages, plus pre-judgment and post-judgment interest, as well as supplemental damages for any continuing post-verdict infringement up until entry of the final judgment with an accounting as needed;

G. A judgment and order increasing the amount of actual damages by this Court, up to a trebled amount, because of the willful and deliberate nature of Xerox's acts of infringement, as provided for in 35 U.S.C. § 284;

    H. A declaration that this is an exceptional case and an award of RR Donnelley's costs and attorneys' fees pursuant to 35 U.S.C. § 285;

    I. A declaration that the patents-in-suit are valid and enforceable; and

    J. Such further and additional relief as this Court may deem just, proper, and equitable.

            Respectfully submitted,

            ROPES & GRAY LLP

            /s/ Richard T. McCaulley, Jr.

Dated: August 7, 2012      Richard T. McCaulley, Jr.
            Marc A. Cavan
            111 South Wacker Drive, 46th Floor
            Chicago, IL 60606
            (312) 845-1200
            richard.mccaulley@ropesgray.com
            marc.cavan@ropesgray.com

            *Attorneys for Plaintiff,*
            *RR Donnelley & Sons Company*