UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RR DONNELLEY & SONS COMPANY,<br>    Plaintiff and<br>    Counterclaim-Defendant,<br><br>v.<br><br>XEROX CORPORATION,<br>    Defendant and<br>    Counterclaim-Plaintiff. | Case No. 12-cv-6198<br><br>Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Counterclaim-plaintiff Xerox Corporation ("Xerox") moves for leave to amend its answer and counterclaims and moves to stay this proceeding pending the *inter partes* review of counterclaim-defendant RR Donnelley & Sons Company's ("RR Donnelley") asserted patents. For the following reasons, Xerox's motion for leave to amend is granted and its motion to stay this proceeding is denied.

**Background**

On August 7, 2012, RR Donnelley filed a complaint alleging patent infringement by Xerox of four patents relating to variable data printing: U.S. Patent Nos. 6,327,599, 6,844,940, 6,205,452, and 7,278,094 (collectively, "the VDP patents"). Xerox counterclaimed, alleging several defenses as well as infringement by RR Donnelley of one of Xerox's patent, U.S. Patent No. 6,486,895. On May 7, 2013, RR Donnelley filed an amended complaint asserting infringement by Xerox of two additional patents, relating to raster image processing: U.S. Patent Nos. 5,796,411 and 5,949,438 (collectively, "the RIP patents"). On May 21, 2013, Xerox filed a motion for leave to amend its answer and counterclaims, alleging three additional infringement claims: U.S. Patent Nos. 5,513,126 ("the '126 patent"), 5,689,642 ("the '642 patent") and 5,987,535 ("the '535 patent"). The parties stipulated to adding the '126 and '642 patents. RR Donnelley only opposes the addition of the '535 patent.

Xerox filed for *inter partes* review of the RIP patents with the U.S. Patent and Trademark Office ("PTO") in August 2013. Xerox subsequently moved this court to stay the entire litigation pending conclusion of the *inter partes* review.

**Discussion**

**1. Xerox's motion for leave to amend its answer and counterclaims**

RR Donnelley opposes Xerox's motion to amend only as to the '535 patent. Federal Rule of Civil Procedure 15(a)(2) allows a party to amend its complaint with the district court's leave. Fed.R.Civ.P. 15(a)(2). The court should freely give leave when justice so requires but may deny leave to file an amended complaint in the event of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

In considering Xerox's motion to amend, the Court finds that Xerox's request should be granted. In February, Xerox indicated its intent to add the '126 and '642 patents and also requested additional information regarding the ProteusJet Digital Print System ("ProteusJet") as it believed it infringed on one or more of Xerox's patents. At RR Donnelley's request, Xerox identified patents which it believed to be infringed by the ProteusJet, including U.S. Patent No. 7,837,290 ("the '290 patent"). In April, the parties agreed to extend the deadline to amend their pleadings in contemplation of adding additional infringement claims and counterclaims. In April and May, RR Donnelley provided requested information about the ProteusJet.

On May 7, the parties filed an agreed motion for leave to amend the pleading wherein the parties stipulated to certain amended pleadings, including Xerox's proposed amended counterclaim adding the '126, '642 and '290 patents. Based on information provided by RR Donnelley on May 17, Xerox determined that the ProteusJet was not infringing the '290 patent but was allegedly infringing the '535 patent. On May 21 – the day its amended pleading was due – Xerox notified RR Donnelley that it intended to substitute the '535 patent for the '290 patent in its amended answer and counterclaim.

RR Donnelley opposes the substitution and now argues Xerox should have and could have included the alleged infringement in its original counterclaim filed September 2012. This argument is specious because RR Donnelley was on notice that Xerox believed the ProteusJet was allegedly infringing one or more of Xerox's patents as early as February and, indeed, was not opposed to Xerox adding the '290 patent on May 7. The Court finds Xerox's actions do not indicate undue delay, bad faith or dilatory motive, or any other basis which warrants denial of their motion. Therefore, Xerox's motion to amend its answer and counterclaim to include the

'126, '642 and '535 patents is granted. The parties represent that they have engaged in discovery with respect to the '126 and '642 patents and the Court acknowledges that certain deadlines will need to be adjusted to allow discovery as to the '535 patent.

**2. Xerox's motion to stay this proceeding pending the *inter partes* review of RR Donnelley's asserted patents**

On August 28, 2013, Xerox filed petitions for *inter partes* review of the validity of each of the RIP patents. RR Donnelley's response to the petitions was due and presumably filed with the PTO on December 4, 2013. (Dkt 104, p. 4). Thus, the PTO will issue a decision on whether to grant Xerox's petitions by March 4, 2014. *See* 35 U.S.C. § 314(b)(1) (The PTO "shall determine whether to institute an *inter partes* review…within 3 months after receiving a preliminary response to the petition"). The PTO will grant review of one or both petitions if Xerox has a "reasonable likelihood" of prevailing on at least one of the claims challenged in the petition. 35 U.S.C. § 314(a). If the PTO grants review of one or both petitions, it must issue its final determination by March 4, 2015, but may extend for another six months for good cause. *See* 35 U.S.C.§ 316(a)(11).

District courts have inherent authority to manage their dockets and stay proceedings. *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Indeed, the decision to stay litigation pending patent review is within a district court's broad discretionary powers. *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1341 (Fed.Cir. 1983). When considering a request to stay litigation pending an *inter partes* review, courts consider: (1) whether a stay will unduly prejudice or tactically disadvantage the non-moving party; (2) whether a stay will simplify the issues in question and streamline the trial; and (3) the stage of litigation, including whether discovery is complete and a trial date has been set. *Universal Electronics, Inc. v. Universal Remote Control, Inc.*, 943 F. Supp. 2d 1028, 1030-31 (C.D. Cal. 2013); *see also Black & Decker Inc. v. Positec USA, Inc.*, 13 C 3075, 2013 WL 5718460 at *1 (N.D. Ill. Oct. 1, 2013). However, the inquiry is not limited to these three factors; rather, "the totality of the circumstances governs." *Universal Electronics*, 943 F. Supp. 2d at 1031 (C.D. Cal. 2013).

**a. Undue prejudice or tactical disadvantage to the non-moving party**

The RIP patents were added to RR Donnelley's complaint in May 2013 and Xerox filed its petition with the PTO in August 2013. Since the PTO must issue a final decision by March 2015 Xerox argues a stay of litigation will not be for an extraordinary amount of time. RR

Donnelley strongly disagrees. RR Donnelley reiterates that Xerox filed *inter partes* review of only two of the six patents RR Donnelley alleges Xerox is infringing, yet Xerox seeks a stay of the entire litigation. RR Donnelley argues a stay of the entire litigation will cause undue prejudice by stalling discovery and resolution of the VDP patents (not subject to review) by up to two years. RR Donnelley also suggests that Xerox's request to stay litigation is premature, as the PTO has not granted the review and is not required to make a decision on whether to grant review of the RIP patents until March 2014.

The Court finds RR Donnelley's argument compelling. Granting a stay as to the entire litigation would cause the four unchallenged VDP patents to languish unresolved for an unspecified amount of time, and up to two years if one or both of Xerox's petitions is granted. *See Dane Technologies, Inc. v. Gatekeeper Systems, Inc.*, 2013 WL 4483355 at *1-3 (D. Minn. 2013). Indeed, other courts have denied a stay where the accused infringer sought review of only some of the patents-in-suit. *See e.g. id.* (denying motion to stay pending a requested but not yet granted *inter partes* review, in part, because one of three patents-in-suit would not be subject to the reexamination); *Davol, Inc. v. Atrium Medical Corp.*, 2013 WL 3013343 at *2-6 (D. Del. 2013) (same); *Pentair Water Pool and Spa, Inc. v. Hayward Indus., Inc.,* 2012 WL 6608619 at *3 (E.D.N.C. December 18, 2012) (denying motion to stay pending *inter partes* reexamination where only three of the seven patents-in-suit were involved in the reexamination). Thus this factor weighs against a stay.

**b. Simplification of issues in question**

Whether the PTO grants or denies its petition, the Court recognizes that a stay will simplify issues in this litigation to some extent. If the PTO grants one or both petitions, Xerox argues that issues in question will be simplified because Xerox is challenging all claims asserted plus some additional claims on the RIP patents[1] and its invalidity contentions rely on the same prior art and arguments set forth in its *inter partes* review petitions. Conversely, if the PTO denies one or both petitions, Xerox will be estopped from asserting any invalidity ground it raised or reasonably could have raised in this litigation with respect to the RIP patents. Xerox also argues that its *inter partes* review petition is likely to be granted, citing statistics that the PTO has at least in part granted 92% of the petitions for *inter partes* review that have been filed.

---

[1] RR Donnelley's initial infringement contentions alleges that Xerox infringed claims 4 and 6 of the '411 patent and claims 1, 2, 10, 11 and 13 of the '438 patent. Xerox's seeks *inter partes* review of claims 1-4 and 6 of the '411 patent and claims 1, 2, 6, 8, 10, 11 and 13 of the '438 patent.

4

RR Donnelley argues a stay is unlikely to significantly simplify the issues because Xerox has raised 12 affirmative defenses, including invalidity, against each of the RIP patents and against each of the VDP patents. Thus, while the outcome of the *inter partes* review might simplify the issues with respect to the RIP patents, it has no similar effect on the VDP patents. The Court agrees. The scope of the issues to be resolved during the *inter partes* review proceeding are substantially narrower than the scope of the issues that can be resolved during litigation. *See SoftView LLC v. Apple Inc.*, 2012 WL 3061027 at *3 (D. Del. July 26, 2012). Given the numerous issues that will remain unresolved even if the PTO grants review, this factor weighs only slightly in favor of granting a stay. *See Davol*, 2013 WL 3013343 at *6 (D. Del. June 17, 2013). Furthermore, the Court finds Xerox's assumption that the PTO will grant its petitions based solely on statistics too speculative.

**c. Discovery/Stage of litigation**

Xerox argues the litigation is at a sufficiently early stage to justify a stay because fact discovery has not closed, no depositions have been taken and no trial date has been set. In response, RR Donnelley contends that significant discovery has occurred, including the exchange of infringement, non-infringement, invalidity and validity contentions.

The parties agree that there is significant overlap in discovery related to the RIP patents and the VDP patents because many of the same Xerox products are accused of infringing both sets of patents. Xerox argues this point in favor of the court granting the stay of the entire litigation. RR Donnelley argues this factor weighs against the stay noting that, while the same documents will need to be produced and the same witnesses will need to be deposed, the overlap in discovery results from the common Xerox products not from any commonality between the RIP and VDP patents.

The Court finds RR Donnelley's argument persuasive. The Court recognizes that the parties have engaged in significant discovery efforts in this complex litigation. Furthermore, where the commonality in discovery originates in the alleged infringing products, and not the claims of the RIP and VDP patents, any small inefficiency resulting from denying the stay is outweighed by substantial efficiencies resulting from reviewing common documents and deposing common witnesses only once. Thus, this factor weighs heavily against a stay.

Finding that the balance of factors weighs against a stay pending the resolution of the *inter partes* review, the Court respectfully denies Xerox's motion.

**Conclusion**

For the foregoing reasons, Xerox's motion for leave to amend its answer and counterclaims is granted. Xerox's motion to stay this proceeding pending the *inter partes* review of RR Donnelley's asserted patents is denied without prejudice.

IT IS SO ORDERED.

_____

Date: December 16, 2013

_____

Sharon Johnson Coleman
United States District Judge