**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

RR Donnelley & Sons Company,

        *Plaintiff and
        Counterclaim-Defendant,*

        v.

Xerox Corporation,

        *Defendant and
        Counterclaim-Plaintiff.*

Case Number: 1:12-cv-06198

Honorable Sharon Johnson Coleman

**PUBLIC VERSION**

**RR DONNELLEY & SONS COMPANY'S SUPPLEMENTAL
MEMORANDUM OF LAW IN OPPOSITION TO
XEROX'S MOTION FOR SUMMARY JUDGMENT**

By its Supplemental Memorandum (Dkt. No. 119, Ex. 1), Xerox asks this Court to consider extrinsic evidence in construing Section 3.2 ▮▮▮▮▮ ▮▮▮▮▮[1] at issue in its underlying Motion for Summary Judgment (Dkt. No. 44). But Xerox admits Section 3.2 is **_unambiguous_** (Dkt. No. 88 at 2 & n.2). And extrinsic evidence may only be used to construe a contract term if it is **_ambiguous_**. *E.I. du Pont de Nemours & Co. v. Allstate Ins. Co.*, 693 A.2d 1059, 1061 (Del. 1997). This fact alone should end the inquiry, and Xerox's Supplemental Memorandum should be dismissed out-of-hand.

Moreover, even if Section 3.2 were ambiguous, "in a dispute over the proper interpretation of a contract, summary judgment may *not* be awarded if the language is **_ambiguous_** and the moving party has failed to offer uncontested evidence as to the proper interpretation." *GMG Capital Invs. v. Athenian Venture Partners I, L.P.*, 36 A.3d 776, 784 (Del. 2012) (en banc) (emphasis added). The extrinsic evidence that Xerox asks the Court to

---

[1] The ▮▮▮▮▮ is discussed in detail in Xerox's underlying motion for summary judgment, and a copy of the entire agreement can be found at Dkt. No. 46, Ex. A.

now consider – RR Donnelley's license agreement with ██████████████ – is irrelevant to the interpretation of Section 3.2 ████████████, and it is far from uncontested. Thus, if Xerox wishes to introduce ████████████ as evidence relevant to the interpretation of Section 3.2 ████████████, Xerox's underlying motion for summary judgment should be denied as a matter of law immediately.

Even if Xerox could overcome these prohibitions to consideration of ████████ ████████,[2] ████████████ remains irrelevant to Xerox's motion for summary judgment. The best evidence of the intent of the parties to ████████████ is found within the four corners of the agreement itself – not the agreements between RR Donnelley and third parties. ████████████ reflects the intent of the parties to that agreement – ████████████ RR Donnelley. ████████ is not a party to ████████████, and ████████ is not a party to ████ ████████████. Neither licensee participated in the negotiations of the other's license agreement. Thus, nothing in ████████████ could be probative of the intent of ████████████. Xerox's efforts to compare and contrast the two agreements results in nothing more than a comparison of apples to oranges.

In its underlying motion for summary judgment, Xerox similarly urged the Court's consideration of an agreement between ████████████ and RR Donnelley ████████████ (Dkt. No. 45 at 3). For the same reasons ████████████ is inadmissible extrinsic evidence for interpreting ████████████, so to is ████████████ inadmissible extrinsic evidence. (*See* Dkt. No. 79 § IV.B.4.)

---

[2] While irrelevant to its motion for summary judgment or its supplemental memorandum, Xerox seems to suggest that production of ████████ was unreasonably delayed (Dkt. No. 119 at 1). But, the parties agreed that all license agreements related to the patents-in-suit would be produced by October 31, 2013, and ████████ was produced by that date. Both parties made significant productions this fall, and because ████████ had not been produced prior to Xerox's original motion, RR Donnelley did not oppose Xerox's motion for leave to file its supplemental memorandum. RR Donnelley's lack of opposition in this regard does not change the fact that ████████████ is inadmissible extrinsic evidence and irrelevant to Xerox's underlying motion.

Turning to Xerox's analysis of ██████████████, Xerox argues that ██████████

██████████ omission of a parenthetical contained in the later-negotiated ██████████████ is

somehow "evidence" of a difference in scope of Section 3.2 in the two agreements (Dkt. No. 119,

Ex. 1 at 2.) But different parties to different negotiations may express similar intent through

different words. *See RTN Investors, LLC v. RETN, LLC*, No. 08C-04-0007 JRJ, 2011 WL

862268, at *13 (Del. Super. Ct. Feb. 10, 2011). Thus, Xerox's comparison says nothing about

the intent of ██████████████████ when they agreed to Section 3.2. Moreover, such a

comparison makes impermissible use of extrinsic evidence in interpreting an admittedly

unambiguous term.

Additionally, if the Court ultimately considers ██████████████████, it should be

recognized that, when considered as a whole, ██████████████████ is consistent with

RR Donnelley's interpretation of Section 3.2 of ██████████████████ – not Xerox's.

Section 5.2 of ██████████████ states the following:



Thus, at the time ██████████████ was entered into – ██████████████████

██████████ – neither RR Donnelley nor ██████████ understood Xerox to have any rights to practice

RR Donnelley's patents, and they sought to keep it that way. Similarly, Section 3.3 of ██████████

██████████ excluded from the license grant ██████████████████████████████████

██████████████████████████████████ Once again, ██████████████████ reflects an

intent to prevent the provision of any license rights to Xerox. Thus, if ███████████████
reflects anything, it is that Xerox had not previously obtained any rights to RR Donnelley's
patents, and there was no intent on the part of RR Donnelley ███████ to grant rights to Xerox
via ████████████████.

In its supplemental memorandum, Xerox reiterates its argument that "[a]s a ███████
customer, Xerox is a beneficiary of █████████████████████" (Dkt. No. 119 at 3). But,
for the reasons set forth in RR Donnelley's Memorandum of Law in Opposition to Xerox's
Motion for Summary Judgment, Xerox is not a third party beneficiary of ████████████████
and lacks standing to bring the present motion. (*See* Dkt. No. 79 § IV.A.) For the reasons set
forth above, Xerox's Supplemental Memorandum should not be considered by the Court.
Moreover, Xerox's motion for summary judgment should be denied.

Respectfully submitted,

Dated: December 6, 2013

*/s/ Richard T. McCaulley, Jr.*

Richard T. McCaulley, Jr.
Marc A. Cavan
James L. Davis, Jr.
**ROPES & GRAY LLP**
191 North Wacker Drive
32nd Floor
Chicago, IL 60606
Telephone: (312) 845-1200
Facsimile: (312) 845-5500
richard.mccaulley@ropesgray.com
marc.cavan@ropesgray.com
james.l.davis@ropesgray.com

Stuart W. Yothers
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036
Telephone: (212) 596-9000
Facsimile: (212) 596-9090
stuart.yothers@ropesgray.com

*Attorneys for Plaintiff and Counterclaim-
Defendant R.R. Donnelley & Sons Company*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on December 20, 2013, he caused correct

copies of the foregoing document to be electronically filed with the Clerk of the Court using

CM/ECF, which will send notification of such filing to the following persons:

Marla R. Butler
Annie Huang
Shane D. St. Hill
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
601 Lexington Avenue
34th Floor
New York, NY 10022
Telephone: (212) 980-7400
Facsimile: (212) 980-7499
mrbutler@rkmc.com
ahuang@rkmc.com
ssthill@rkmc.com

Jan M. Conlin
Melissa A. Goodman
Brenda L. Joly
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
800 LaSalle Avenue
2800 LaSalle Plaza
Minneapolis, MN 55402
Telephone: (612) 349-8500
Facsimile: (612) 339-4181
jmconlin@rkmc.com
magoodman@rkmc.com
bljoly@rkmc.com

Jacob D. Koering
FREEBORN & PETERS LLP
311 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 360-6000
Facsimile: (312) 360-6520
jkoering@freebornpeters.com

*Attorneys for Defendant and*
*Counterclaim-Plaintiff Xerox Corporation*

Dated: December 20, 2013            */s/ Richard T. McCaulley, Jr.*
                                    Richard T. McCaulley, Jr.